SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

*E-FILED 3/29/07*

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WINONA HENEBRY, | C06-02926 RS |
|    Plaintiff, | |
| v. | STIPULATION OF SETTLEMENT; [~~PROPOSED~~] ORDER |
| UNITED STATES OF AMERICA, | |
|    Defendant. | |

     IT IS HEREBY STIPULATED by and between plaintiff Winona Henebry and defendant United States of America, as follows:

     1. The parties do hereby agree to settle and compromise the above-entitled personal injury action under the terms and conditions set forth herein.

     2. The United States of America previously received the assignment of a lien from the County of Santa Clara relating to payments made to or on behalf of plaintiff relating to the motor vehicle collision that is the subject of this case. A copy of the Settlement Agreement and

STIPULATION OF SETTLEMENT; PROPOSED ORDER
Case No. C 03-02885 JF (PVT MED)     -1-

1  Assignment of Lien and Claims is attached as an exhibit hereto and will be referred to herein as
2  "the Lien Assignment."

3      3. The United States of America, defendant, agrees to pay to the plaintiff the sum of
4  $32,500.00, which sum shall be in full settlement and satisfaction of any and all claims,
5  demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason
6  of any and all known and unknown, foreseen and unforeseen bodily and personal injuries,
7  damage to property and the consequences thereof, resulting, and to result, from the same subject
8  matter that gave rise to the above-captioned lawsuit, for which plaintiff or her heirs, executors,
9  administrators, or assigns, and each of them, now have or may hereafter acquire against the
10 United States of America or its agents, servants, and employees. In addition to above-described
11 payment, the United States of America agrees that it will not seek to recover from plaintiff any
12 liens or other claims assigned to it in the Lien Assignment.

13     4. Plaintiff and her heirs, executors, administrators or assigns hereby agree to accept the
14 sum of $32,500.00 and the waiver of the Lien Assignment in full settlement and satisfaction of
15 any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising
16 from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and
17 personal injuries, damage to property and the consequences thereof which they may have or
18 hereafter acquire against the United States of America or its agents, servants and employees on
19 account of the same subject matter that gave rise to the above-captioned lawsuit. Plaintiff and
20 her heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold
21 harmless the United States of America and its agents, servants or employees from any and all
22 such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or
23 resulting from further litigation or the prosecution of claims by plaintiff or her heirs, executors,
24 administrators or assigns against any third party or against the United States of America.

25     5. This stipulation for compromise settlement is entered into by all parties for the
26 purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This
27 settlement does not constitute an admission of liability or fault on the part of the defendant.
28

6. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

7. It is also agreed, by and among the parties, that the settlement amount of $32,500.00 paid by the United States of America to plaintiff and the waiver of the Lien Assignment represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

8. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered to plaintiff in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. Payment of the settlement amount will be made by a check payable to "Winona Henebry and her attorney Louis S. Abronson."

10. Plaintiff is advised that settlement checks are sometimes not available for eight to ten weeks after approval of the settlement by the court. Counsel for the United States of America will notify plaintiff's counsel when the settlement check is available. Within ten (10) days of such notification, plaintiff agrees that she will cause her attorneys to execute and provide to defense counsel, a stipulation of dismissal with prejudice of plaintiff's complaint. Within ten (10) days of receipt of the plaintiff's stipulation of dismissal, the United States of America will deliver the above-referenced settlement check to plaintiff's counsel. Dismissal to be filed when check is mailed.

11. Plaintiff hereby releases and forever discharges the United States Postal Service, the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

//

//

12. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by her to be true, the Agreement shall be and remain effective notwithstanding such material difference.

13. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiff's pleadings in this action. Plaintiff agrees to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, including but not limited to the United States Postal Service, arising out of the allegations set forth in plaintiff's complaint in this action.

14. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

15. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the

Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

16. This settlement agreement may be signed in counterparts.

DATED: March 29, 2007    SCOTT N. SCHOOLS
United States Attorney

_/s/_____
CLAIRE T. CORMIER
Assistant United States Attorney
Attorneys for United States of America

DATED: March 29, 2007    ABRONSON LAW OFFICE

_/s/_____
Louis S. Abronson
Attorney for Plaintiff

DATED: March 29, 2007

_/s/_____
WINONA HENEBRY
Plaintiff

### [PROPOSED] ORDER

Pursuant to the parties' stipulation of settlement, IT IS SO ORDERED.

Dated: March 29, 2007    _[signature]_____
RICHARD SEEBORG
United States Magistrate Judge